# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **GAYLE GRAYSON,** | |
| Plaintiff, | **JURY DEMAND (12)** |
| vs. | Case No. |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

## COMPLAINT

Comes Now Plaintiff, Gayle Grayson, by and through counsel, and pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680, and hereby files this civil action against Defendant the United States of America based upon the following grounds:

## PARTIES

1. Plaintiff, Gayle Grayson, is a resident and citizen of Spring Hill, Williamson County, Tennessee.

2. The United States of America (referred to as the "United States" for the remainder of this Complaint) is named as a Defendant because one or more employees and/or agents of the Nashville VA Medical Center (referred to as the "Nashville VA" for the remainder of this Complaint), located at 1310 24th Avenue South in Nashville, Tennessee, while in the course and scope of their employment or within the line of duty with the U.S. Department of Veterans Affairs (referred to as the "USDVA" for the remainder of this Complaint, in Davidson County, Tennessee, committed negligent acts which injured Plaintiff Gayle Grayson. Plaintiff Gayle Grayson seeks unliquidated damages.

3. Plaintiff filed administrative claims on or about May 22, 2023. (See Exhibit A and Exhibit B). However, the claim was denied by the United States on October 18, 2023, in a letter from the Office of General Counsel for the U.S. Department of Veterans Affairs, explaining Plaintiff could seek judicial relief within six months of the denial. (See Exhibit C). Plaintiff files this action pursuant to 28 U.S.C. § 2675.

4. Plaintiff Gayle Grayson was injured as a result of the negligence of one or more unknown employees and/or agents acting within the course and scope of their employment and/or agency by the United States. Jurisdiction of this action is thus vested in this Honorable Court pursuant to 28 U.S.C. § 1346(b)(1). Plaintiff was at the time of this incident a resident of Williamson County, Tennessee. Thus, pursuant to 28 U.S.C. § 1402(b), venue of this action is proper in this Honorable Court.

**FACTS**

5. At all times relevant to this Complaint, the United States owned and operated the Nashville VA located at 1310 24th Avenue South in Nashville Tennessee through the U.S. Department of Veterans Affairs and was in sole possession, ownership and control of property, including the Intensive Care Unit.

6. The incident that is the subject of this lawsuit occurred at the Nashville VA located at 1310 24th Avenue South, Nashville, Tennessee.

7. At the time of this incident, Nashville VA was and is still a medical facility that provides various medical care and specialty health services to military citizens as well as their families.

8. At all times relevant to this Complaint, Defendant United States had a duty to implement safety policies and procedures to prevent injury to patients, employees and/or its agents,

2

and all visitors of its medical facility from dangerous conditions causing trip-and-fall incidents.

9. At all times relevant to this Complaint, Defendant United States was aware that dangerous conditions causing trip-and-fall incidents are a frequent source of injury to guests, patients, employees, and all visitors of its medical facility.

10. At all times relevant to this Complaint, Defendant United States was aware that dangerous conditions causing trip-and-fall incidents may be prevented by properly training and supervising its employees and/or its agents to ensure they understood and practiced the safety policies and procedures for prevention of such incidents.

11. At all times relevant to this Complaint, and despite Defendant United States' awareness that dangerous conditions causing trip-and-fall events are a frequent source of injury at its medical facility, Defendant United States chose not to implement adequate safety policies and procedures in its medical facility concerning the prevention of dangerous conditions causing trip-and-fall incidents.

12. At all times relevant to this Complaint, and despite Defendant United States' awareness that dangerous conditions causing trip-and-fall incidents are a frequent source of injury at its medical facility, Nashville VA Medical Center chose not to adequately train its employees and/or agents not to create dangerous conditions causing trip-and-fall incidents in its medical facility.

13. At all times relevant to this Complaint, and despite the Defendant United States' awareness that dangerous conditions causing trip-and-fall incidents are a frequent source of injury at its medical facility, Defendant United States chose not to adequately train its employees and/or its agents to identify, remove, protect against, and/or warn of trip hazards in its medical facility.

14. At all times relevant to this Complaint, and despite the Defendant United States' awareness that dangerous conditions causing trip-and-fall incidents are a frequent source of injury at its medical facility, Defendant United States chose not to adequately supervise their employees and/or agents to ensure they were not creating dangerous conditions such as trip hazards in its medical facility.

15. At all times relevant to this Complaint, and despite the Defendant United States' awareness that trip-and-fall incidents are a frequent source of injury at its medical facility, Defendant United States chose not to adequately supervise their employees and/or agents to ensure they were identifying, removing, protecting against, and/or warning of dangerous conditions such as trip hazards in its medical facility.

16. As a result of Defendant United States' choice not to implement adequate safety policies and procedures in its medical facility concerning the prevention of trip-and-fall incidents, Defendant United States' employees and/or agents are insufficiently prepared to prevent dangerous conditions causing trip-and-fall incidents in its medical facility.

17. As a result of Defendant United States' choice not to adequately train their employees and/or agents not to create dangerous conditions causing trip-and-fall incidents in its medical facility and to identify, remove, protect against, and/or warn of dangerous conditions in its medical facility, Defendant United States' employees and/or agents are insufficiently prepared to prevent dangerous conditions such as trip-and-fall incidents in its medical facility.

18. As a result of Defendant United States' choice not to adequately supervise their employees and/or agents not to create dangerous conditions causing trip-and-fall incidents in its medical facility and to identify, remove, protect against, and/or warn of dangerous conditions in its medical facility, Defendant United States' employees and/or agents are insufficiently prepared

to not create and/or prevent trip-and-fall incidents in its medical facility.

19. At all times relevant to this Complaint, Defendant United States allows visitors access to patient rooms, including the Intensive Care Unit at the Nashville VA.

20. On or before December 29, 2021, because Defendant United States had not properly trained and supervised its employees and/or agents to not create dangerous conditions causing trip-and-fall incidents in its facilities, one or more of Defendant United States' employees and/or agents placed a power cord across the floor of walkway near the entrance of one of the units in its Intensive Care Unit inside the Nashville VA, upon belief for the purposes of cleaning the floor of the room.

21. A power cord left unattended in a walkway is a known dangerous condition as it is a trip hazard for pedestrians using the walkway.

22. On or before December 29, 2021, because Defendant United States had not properly trained and supervised its employees and/or agents not to create dangerous conditions causing trip-and-fall incidents in its facilities, the employee(s) and/or agent(s) of Defendant created a dangerous condition by placing the power cord across the walkway of the room of its ICU in the Nashville VA.

23. On or before December 29, 2021, because Defendant United States had not properly trained and supervised its employees and/or agents to identify, remove, protect against, and/or warn of dangerous conditions causing trip-and-fall incidents in its facilities, Defendant's employee(s) and/or agent(s) on duty failed to identify, remove, protect against, and/or warn guests of the facility of the dangerous condition of the power cord across the walkway of the room of its ICU in the Nashville VA.

24. On December 29, 2021, at approximately 7:30 a.m. Plaintiff Gayle Grayson was a visitor at Defendant United States' Nashville VA, visiting her then living husband, Waymon "Toby" Rose, who was in the Intensive Care Unit.

25. Plaintiff Gayle Grayson was not a patient receiving any medical treatment from Defendant United States through the Nashville VA.

26. Upon information and belief, the power cord which caused Plaintiff to trip and fall was placed in the walkway of Mr. Rose's room for the purposes of cleaning the room, not for medical services being provided to Mr. Rose.

27. On December 29, 2021, while entering her husband's room in the Intensive Care Unit, Plaintiff Gayle Grayson tripped over the power cord which was carelessly placed in the walkway of Mr. Rose's room.

28. Plaintiff Gayle Grayson did nothing to cause her fall on December 29, 2021.

29. Defendant United States is 100% responsible for causing Plaintiff Gayle Grayson's fall on December 29, 2021, in which she suffered painful injuries.

30. At all times relevant to this Complaint, Defendant United States had the responsibility to provide its employees and/or agents with adequate safety policies and procedures to prevent dangerous conditions which cause trip-and-fall incidents in its medical facility.

31. At all times relevant to this Complaint, Defendant United States chose not to provide its employees and/or agents of its medical facility with adequate safety policies and procedures to prevent dangerous conditions which cause trip-and-fall incidents in its medical facility.

32. At all times relevant to this Complaint, Defendant United States had the responsibility to properly train and/or supervise its employees and/or agents to not create

dangerous conditions like trip hazards at its medical facility.

33. At all times relevant to this Complaint, Defendant United States chose not to properly train and/or supervise its employees and/or agents of the Nashville VA to not create dangerous conditions like trip hazards in its medical facility.

34. At all times relevant to this Complaint, Defendant United States had the responsibility to properly train and/or supervise its employees and/or agents to identify, remove, protect against, and/or warn of dangerous conditions like trip-hazards at its medical facility.

35. At all times relevant to this Complaint, Defendant United States chose not to properly train and/or supervise its employees and/or agents of the Nashville VA to identify, remove protect against, and/or warn of dangerous conditions like trip-hazards at its medical facility.

36. On December 29, 2021, as a direct result of Defendant United States' choices not to implement adequate safety policies and procedures to prevent dangerous conditions causing trip-and-fall incidents, Defendant United States' employees and/or agents at the Nashville VA placed a power cord in the walkway of Mr. Rose's room, directly in the walking path of any visitors.

37. On December 29, 2021, as a direct result of Defendant United States' choices not to adequately train and supervise its employees and/or agents to not create dangerous conditions causing trip-and-fall incidents, Defendant's employees and/or agents at the Nashville VA placed a cord in the walkway of Mr. Rose's room, directly in the walking path of any visitors.

38. On December 29, 2021, as a direct result of Defendant United States' choices not to adequately train and supervise its employees to identify, remove, protect against, and/or warn about dangerous conditions causing trip-and-fall incidents in its medical facility, Defendant's employees and/or agents failed to recognize that the cord in the walkway of Mr. Rose's room was

7

a dangerous condition or do anything to identify, remove, protect against, or warn guests of the facility about it.

39. On December 29, 2021, because there were no warnings or any instruction to avoid the cord placed in the walkway in Mr. Rose's room, Plaintiff Gayle Grayson took the same path she had taken during all of her previous visits to Mr. Rose's room.

40. On December 29, 2021, Plaintiff Gayle Grayson entered Mr. Rose's room when suddenly, and without warning, she tripped over the power cord carelessly placed in the walkway of the room by Defendant United States' employees and/or agents of the Nashville VA.

41. On December 29, 2021, the surprise and force of tripping over the carelessly placed power cord caused Gayle Grayson to fall suddenly to the floor with great force.

42. The area where Plaintiff Gayle Grayson tripped was supposed to be regularly maintained, inspected and kept free of dangerous conditions such as trip hazards by Defendant United States' employees and/or agents of the Nashville VA for guests to walk safely.

43. Defendant United States' employees and/or agents had the responsibility to not create dangerous conditions on its premises which threatened the safety of guests.

44. Defendant United States' employees and/or agents negligently created a dangerous condition by carelessly placing the power cord in the walkway of Mr. Rose's room on or before December 29, 2021.

45. Defendant United States' employees and/or agents had the responsibility to identify the dangerous condition of the power cord across the walkway of Mr. Rose's room.

46. Defendant United States' employees and/or agents failed to identify the dangerous condition of the power cord across the walkway of Mr. Rose's room before it caused Plaintiff Gayle Grayson to violently trip, fall, and become seriously injured.

47. Defendant United States' employees and/or agents had the responsibility to remove the dangerous condition of the power cord across the walkway of Mr. Rose's room.

48. Defendant United States' employees and/or agents failed to remove the dangerous condition of the power cord across the walkway of Mr. Rose's room before it caused Plaintiff Gayle Grayson to violently trip, fall, and become seriously injured.

49. Defendant United States' employees and/or agents had the responsibility to protect against the dangerous condition of the power cord across the walkway of Mr. Rose's room.

50. Defendant United States' employees and/or agents failed to protect against the dangerous condition of the power cord across the walkway of Mr. Rose's room before it caused Plaintiff Gayle Grayson to violently trip, fall, and become seriously injured.

51. Defendant United States' employees and/or agents had the responsibility to warn guests and others about the dangerous condition of the power cord across the walkway of Mr. Rose's room.

52. Defendant United States' employees and/or agents failed to warn guests and Plaintiff Gayle Grayson specifically about the dangerous condition of the power cord across the walkway of Mr. Rose's room before it caused her to violently trip, fall, and become seriously injured.

53. The power cord placed in the walkway of Mr. Rose's room by Defendant United States' employees and/or agents was a trip hazard and a dangerous condition for any visitors visiting Mr. Rose, including Plaintiff Gayle Grayson.

54. Defendant United States, through its employees and/or agents, created a dangerous condition when it placed the power cord across the walkway of Mr. Rose's room where visitors were invited to walk.

9

Case 3:24-cv-00452   Document 1   Filed 04/15/24   Page 9 of 13 PageID #: 9

55. Defendant United States, through its employees and/or agents, knew or should have known through the exercise of reasonable diligence that this dangerous condition existed on December 29, 2021.

56. Mr. Rose's room, where Plaintiff Gayle Grayson fell, was supposed to be obstruction free and safe for walking on December 29, 2021.

57. Instead of being obstruction free and safe for walking, Mr. Rose's room was dangerous because of the trip hazard of the power cord across the walkway on December 29, 2021.

58. Defendant United States had actual and/or constructive notice of the dangerous condition of the power cord carelessly placed across the walkway of Mr. Rose's room before Plaintiff Gayle Grayson fell on December 29, 2021.

59. The power cord placed in the walkway of Mr. Rose's room was a dangerous condition causing Plaintiff Gayle Grayson to fall suddenly and without warning on December 29, 221.

60. Plaintiff Gayle Grayson suffered painful injuries and other harms and losses because of her fall described in this Complaint.

61. Plaintiff Gayle Grayson did nothing to cause her fall on December 29, 2021.

62. Defendant United States is 100% responsible for causing Plaintiff Gayle Grayson's fall on December 29, 2021, in which she suffered painful injuries.

63. It was foreseeable to Defendant United States that their choice not to implement adequate safety policies and procedures for its medical facility would result in more trip-and-fall incidents causing injury to visitors of its medical facility like Plaintiff Gayle Grayson.

64. It was foreseeable to Defendant United States that their choice not to adequately train or supervise their employees and/or agents to not create, and to identify, remove, protect

against, and/or warn of dangerous conditions like trip hazards would result in more trip-and-fall incidents causing injury to visitors of its medical facility, including Plaintiff Gayle Grayson.

65. It was foreseeable to Defendant United States that the dangerous condition described in this Complaint would cause the type of harm and damages suffered by Plaintiff Gayle Grayson.

66. Defendant United States had a duty to maintain and provide a safe environment for Plaintiff Gayle Grayson and all similar visitors of the Nashville VA.

67. Defendant United States failed to provide a safe environment at its medical facility immediately before Plaintiff Gayle Grayson's fall described in this Complaint.

68. As a direct and proximate result of Defendant United States' negligent acts and/or omissions described in this Complaint, Plaintiff Gayle Grayson suffered painful injuries and other harms and losses.

69. The medical expenses incurred by Plaintiff Gayle Grayson due to the negligent acts and/or omissions of Defendant United States are reasonable and necessary medical expenses.

## COUNT I
## NEGLIGENCE / NEGLIGENCE *PER SE* OF DEFENDANT UNITED STATES

70. The preceding paragraphs are hereby re-alleged as if fully restated herein.

71. Defendant United States owed a duty of reasonable care to Plaintiff Gayle Grayson

72. Defendant United States breached its legal duty of reasonable care and was negligent in one or more of the following ways in that they:

    a. Failed to adequately train its employees and/or agents;

    b. Failed to adequately supervise its employees and/or agents;

    c. Failed to maintain a safe environment at its premises;

    d. Created a dangerous condition;

> e. Failed to identify a dangerous condition;
>
> f. Failed to remove a dangerous condition;
>
> g. Failed to protect against a dangerous condition, and
>
> h. Failed to warn of a dangerous condition.

73. Defendant United States is vicariously liable to Plaintiff Gayle Grayson for the negligent acts and/or omissions of its employees and/or agents described in this Complaint because they were performed in the course and scope of their employment and/or agency with and/or for the benefit of Defendant United States.

74. Defendant United States is vicariously liable to Plaintiff Gayle Grayson for the negligent acts and/or omissions described in this Complaint pursuant to respondeat superior because the employees and/or agents who performed these acts and/or omissions performed them within the course and scope of their employment and/or agency with Defendant United States.

75. Defendant United States is vicariously liable to Plaintiff Gayle Grayson for the negligent acts and/or omissions described of its employes and/or agents described in this Complaint pursuant to 28 U.S.C. § 1346(b), 1402(b), and §§ 2671-2680.

76. As a direct and proximate result of Defendant United States' negligent acts and/or omissions and the acts and/or omissions of its employees and/or agents described in this Complaint, Plaintiff Gayle Grayson suffered painful bodily injuries and other damages.

## **DAMAGES**

77. The preceding paragraphs are hereby re-alleged as if fully restated herein.

78. As a direct and proximate result of Defendant United States' negligent acts and/or omissions as indicated above, Plaintiff Gayle Grayson suffered painful bodily injuries and other damages.

79. As a direct and proximate result of Defendant United States' negligent acts and/or omissions, Plaintiff Gayle Grayson has become liable for certain medical expenses related to the injuries suffered from the incident described in this Complaint.

80. As a direct and proximate result of Defendant United States' negligent acts and/or omissions, Plaintiff Gayle Grayson is entitled to recover damages from Defendant United States for the following:

    a. Any and all applicable special damages or **Economic Damages** as defined by *Tenn. Code Ann. § 29-39-101(1)*; and

    b. Any and all applicable **Noneconomic Damages** as defined by *Tenn. Code Ann. § 29-39-101(2)*.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gayle Grayson sues the Defendant and demands judgment for compensatory damages in a fair and reasonable sum under the law and evidence in an amount not to exceed $8,000,000.00. The Plaintiff further demands any such relief to which she may be entitled.

Respectfully submitted,

**GRIFFITH LAW, P.L.L.C.**

/s/ Jonathan Lawrence
_____
**Jonathan Lawrence, #33084**
**Jonathan L. Griffith, #19405**
**Attorneys for the Plaintiff**
**114 Cool Springs Boulevard**
**Franklin, TN 37067**
**P: (615) 807-7900**
**F: (615) 656-0994**
**jonathan@griffithinjurylaw.com**