UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GAYLE GRAYSON,<br><br>　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　Defendant. | Case No. 3:24-cv-00452<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## AMENDED MEMORANDUM ORDER

This Amended Memorandum Order replaces the Court's prior order (Doc. No. 47) which contained a misstatement—the word "complaint" instead of "answer"—in its conclusion. In all other respects, the orders are identical.

Before the Court in this personal injury action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), and 2671–2680, is Defendant the United States of America's second motion for leave to file an amended answer. (Doc. No. 38.) Plaintiff Gayle Grayson opposes the United States' motion for leave to amend its answer (Doc. No. 40), the United States has filed a reply (Doc. No. 41), and both parties have filed supplemental briefs (Doc. Nos. 44, 46) as ordered by the Court (Doc. No. 43).

For the reasons that follow, the United States' second motion for leave to file an amended answer will be denied.

I.　　**Relevant Background**

This action arises out of a slip-and-fall injury at the Veterans Affairs (VA) Medical Center in Nashville, Tennessee. (Doc. No. 24.) Grayson alleges that she was visiting a patient in the Nashville VA Medical Center's intensive care unit on December 29, 2021, when she tripped over

a power cord or a housekeeping cart that had been left in a walkway, fell, and sustained injuries. (*Id.*) Grayson filed an administrative claim with the VA on or about May 22, 2023, asserting personal injury claims and seeking money damages under the FTCA. (Doc. Nos. 1-1, 1-2.) Grayson states that, in support of her administrative claim, she attached copies of her medical treatment and billing records from Vanderbilt University Medical Center (VUMC). (Doc. Nos. 1-2, 40, 46.) The VA denied Grayson's administrative claims on October 18, 2023. (Doc. No. 1-3.)

Grayson initiated this action on April 15, 2024, by filing a complaint against the United States under the FTCA. (Doc. No. 1.) Grayson attached a copy of her administrative claim as an exhibit to her complaint. (Doc. Nos. 1-1, 1-2.) The Court referred this action to the Magistrate Judge for case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A). (Doc. No. 8.) On the United States' unopposed motion (Doc. No. 14), the Court continued the initial case management conference to July 19, 2024. (Doc. No. 15.) The parties filed a joint proposed initial case management order on July 15, 2024, proposing August 9, 2024, as the deadline for exchanging initial disclosures; August 30, 2024, as the deadline for filing motions to amend the pleadings; January 17, 2025, as the deadline for completing all written discovery and deposing all fact witnesses; and June 27, 2025, as the deadline for filing dispositive motions. (Doc. No. 18.) The Magistrate Judge held the initial case management conference by telephone on July 19, 2024, and subsequently entered an initial case management order adopting the parties' proposed case management deadlines (Doc. No. 21). The United States filed an answer to Grayson's complaint on July 17, 2024. (Doc. No. 19.) The Court set this matter for a bench trial to begin on December 9, 2025. (Doc. No. 22.)

On August 30, 2024, the established deadline for filing motions to amend the pleadings, Grayson filed a motion for leave to amend her complaint under Federal Rule of Civil

Procedure 15(a)(2) (Doc. No. 20) and attached a proposed amended complaint (Doc. No. 20-1) to her motion. The United States did not oppose Grayson's motion for leave to amend, and the Court granted the motion. (Doc. No. 23.) Grayson's amended complaint was docketed on September 20, 2024. (Doc. No. 24.) The amended complaint asserts negligence claims against the United States under the FTCA and seeks eight million dollars in damages. (*Id.*) The United States filed an answer to Grayson's amended complaint on October 4, 2024. (Doc. No. 25.)

The United States deposed Grayson on October 24, 2024. (Doc. No. 33-1.) Grayson testified that, following her fall at the Nashville VA Medical Center, she "had three surgeries in six weeks" and that the first was a spinal surgery. (*Id.* at PageID# 179, 180.) When asked about the second and third surgeries, Grayson testified:

> I had Mercer,[1] so they had to take me back in and reopen, and clean out[ ] the [infection] [ ] from the original surgery. Then because [there were] really big holes there, I had to go back [for] the third surgery [and] a plastic surgeon did what they call a flap, where they moved muscle from one side to the other and sort of like weave the hole from side to side, pulling muscle so that it can fill back in. . . . [A]nd then I finally got to meet Dr. Abtahi in the middle of the night about 11 o'clock, he came in my room and apologized for me getting Mercer from the . . . first surgery. I just thanked him and . . . I told him . . . the reason I can walk today is because of that man. He made the right decisions. All the right decisions. So, . . . I'm just so grateful [ ] for the care I got . . . .

(*Id.* at PageID# 180-81.)

On January 10, 2025, the United States filed a motion for leave to amend its answer under Rule 15(a)(2) to add a medical malpractice defense (Doc. No. 29), but the Court denied the United

---

1   The Court liberally construes Grayson's testimony that she contracted "mercer" as a reference to "MRSA, Methicillin-Resistant Staphylococcus Aureus, a Staphylococcus (staph) bacterial infection that is resistant to many different antibiotics." *Farmer v. Reece*, Case No. 3:19-cv-01189, 2020 WL 32512, at *1 n.1 (N.D. Ohio Jan. 2, 2020); *see also* 2 Dan J. Tennenhouse, *Attorneys Medical Deskbook* § 22:24 (4th ed. suppl. Dec. 2024) ("A common example of an antibiotic resistant pathogen . . . is methicillin-resistant staphylococcus aureus (MRSA), a dangerous pathogen that responds to very few antibiotics.").

3

States' motion without prejudice for failure to comply with Local Rules 7.01 and 15.01 (Doc. No. 36). On March 14, 2025, the United States filed a second motion for leave to amend under Rule 15(a)(2) (Doc. No. 38) and attached a proposed amended answer (Doc. No. 38-1). The proposed amended answer asserts a new affirmative defense against nonparty VUMC, alleging that "[t]he subsequent medical malpractice of Vanderbilt University Medical Center and/or its medical personnel contributed to the injuries alleged by [ ] Grayson." (Doc. No. 38-1, PageID# 213, ¶ 13.) Grayson filed a response in opposition to the United States' motion for leave to amend arguing that the proposed amendment is unduly delayed and unduly prejudicial. (Doc. No. 40.) The United States filed a reply in support of its motion for leave to amend. (Doc. No. 41.)

Because the Court found that neither party's briefing "addressed Rule 16's good-cause requirement as it pertains to the United States' second motion for leave to amend its answer" the Court ordered the parties to submit supplemental briefs "addressing the Rule 16 standard by May 7, 2025." (Doc. No. 43, PageID# 236, 237.) The United States filed a supplemental brief on May 6, 2025 (Doc. No. 44), and Grayson filed a supplemental brief on May 7, 2025 (Doc. No. 46).

**II.     Legal Standard**

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. Fed. R. Civ. P. 15(a). However, where, as here, a motion to amend is filed after the deadline set forth in the Court's scheduling order, the standards of Rule 15(a) and Rule 16(b) apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020). Rule 16(b) provides that the deadline for amendment of pleadings set forth in the Court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Thus, "[o]nce the scheduling order's

deadline passes, a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Leary*, 349 F.3d at 906 ("[A] court choosing to modify the schedule upon a showing of good cause[ ] may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension'" (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment)).

If the Court finds that good cause exists, it then considers whether amendment is appropriate under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a party "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Although "12(b)(6) motions are made with reference to complaints and not affirmative defenses[,] . . . the same basic standard

applies" to determine if proposed amendments to affirmative defenses are futile. *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 WL 361258, at *6 (M.D. Tenn. Feb. 8, 2008). Specifically, "[t]he court must determine whether the defendants' allegations raise the merits of the defense above a speculative level or, put differently, whether, assuming the truth of the defendants' allegations regarding the defense, it nevertheless would fail." *Id.* "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**III.    Analysis**

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Here, the United States' explanation for its delay in moving for leave to amend is that, even though the United States "ha[d] been diligently sorting through [Grayson's] medical records" before August 30, 2024, "it was not until [Grayson's] October 24, 2024[ ] deposition testimony that VUMC's potential liability due to medical malpractice was solidified." (Doc. No. 39, PageID# 220.) The United States points to Grayson's deposition testimony that a VUMC doctor apologized to her for the fact that she contracted an infection from her first surgery and her testimony that the infection led to two additional surgeries. (Doc. No. 41.) The United States argues that, "[f]ollowing the deposition," its counsel "promptly notified [Grayson's] counsel of their intent to look into comparative fault liability against VUMC and obtained a medical expert

6

to review [Grayson's] medical records during the holiday season to determine if" there was a good faith basis to assert that VUMC committed medical malpractice that contributed to Grayson's injuries. (Doc. No. 44, PageID# 241.) The United States asserts that, "[a]s soon as that opinion was obtained, [it] notified [Grayson's] counsel and filed its initial Motion for Leave to Amend its Answer on January 10, 2025." (*Id.*) The United States argues that it acted diligently because it "moved to amend its Answer only four months after the deadline set in the case management order, and only two-and-a-half months after [Grayson] testified in her deposition about VUMC's potential medical malpractice." (*Id.* at PageID# 240.)

But Grayson asserts that she provided the United States with her VUMC medical records documenting the infection and subsequent surgeries in May 2023 before she initiated this action and again provided copies of the same records in earlier stages of this litigation. (Doc. No. 40.) Specifically, Grayson states that, "[o]n May 22, 2023, [Grayson's] counsel mailed a Standard Form 95 to the Department of Veterans Affairs and the Office of General Counsel"[2] which "included as exhibits the medical records and bills from VUMC for [Grayson's] treatment resulting from her fall and including her spine surgery and subsequent infection." (*Id.* at PageID# 224.) Grayson states that a "certified mail return receipt confirm[ed] the receipt of this information on June 1, 2023, by the Office of General Counsel" and that Grayson received "a formal acknowledgement of receipt and assignment from [the United States] . . . on July 20, 2023." (*Id.*) When Grayson initiated this action on April 15, 2024, she attached a copy of the Standard Form 95

---

[2] Federal regulations implementing the FTCA provide that a claim is deemed presented for purposes of the Act when a federal agency receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]" 28 C.F.R. § 14.2(a); *see also Sherman v. United States*, 48 F. Supp. 3d 1019, 1023 (E.D. Mich. 2014) (quoting *id.*).

as an exhibit to her original complaint. (Doc. No. 1-2.) And Grayson states that she "included the same medical records . . . concerning [her] initial hospitalization, surgery, and subsequent infection at VUMC" in her initial disclosures served on the United States on August 4, 2024, and in her written discovery responses served on the United States on October 4, 2024. (Doc. No. 40, PageID# 224.)

The United States has not disputed Grayson's assertion that the VUMC medical and billing records Grayson provided to the United States before filing this action and again during early phases of discovery included information about her infection and subsequent surgeries. The United States has not stated that it reviewed Grayson's records for evidence of medical malpractice or retained a medical expert to review the records at any point before the amended pleadings deadline. Nor has the United States argued that it could not reasonably have done so. Instead, the United States argues generally that Grayson "has an extensive medical history prior to and after her fall with thousands of pages of medical records" and that, "[w]hile [the United States] ha[d] been diligently sorting through [Grayson's] medical records, it was not until [her] October 24, 2024[ ] deposition testimony that VUMC's potential liability due to medical malpractice was solidified." (Doc. No. 39, PageID# 219–20; Doc. No. 44, PageID# 240.) This perfunctory assertion of diligence is insufficient to satisfy Rule 16. "[P]leading standards have never required certainty on behalf of litigants" and, while "most claims of medical malpractice are complicated[,] [ ] Rule 16(b) applies to them nonetheless." *Profitt v. Highlands Hosp. Corp.*, No. 23-5965, 2024 WL 3622448, at *4 (6th Cir. Aug. 1, 2024). Based on the record arguments and evidence, the United States has not carried its burden to show that, despite due diligence, it could not reasonably have moved for leave to amend to include the proposed medical malpractice defense by the original

8

Case 3:24-cv-00452    Document 48    Filed 05/27/25    Page 8 of 10 PageID #: 270

August 30, 2024 deadline for filing motions to amend the pleadings. *See Ross*, 567 F. App'x at 306; *Leary*, 349 F.3d at 906.

Further, the United States has not shown that permitting it to amend its answer to include a medical malpractice defense against VUMC would not substantially prejudice Grayson, either by requiring her to "expend significant additional resources to conduct discovery and prepare for trial" or by "significantly delay[ing] the resolution of [this] dispute[.]" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). The United States's reliance on *Hall-Easley v. Clarksville Operating Grp., LLC*, Case No. 3:23-cv-00107, 2023 WL 6929330, at *1–4, *7 (M.D. Tenn. Oct. 19, 2023), to show lack or prejudice here is misplaced. As Grayson points out (Doc. No. 46), there were already medical malpractice claims pending in *Hall-Easley* when the court allowed the defendant leave to amend to assert a comparative fault defense. The same is not true here. This is a premises liability action against the United States—none of Grayson's pleadings has alleged medical malpractice claims, and VUMC is not a party to this action. (Doc. Nos. 1, 24.) Discovery is closed, and the deadline for filing dispositive motions is approaching.

The United States argues that, if its motion for leave to amend is granted, "[v]irtually none of the discovery completed thus far will need to be redone[.]" (Doc. No. 39, PageID# 221; Doc. No. 44, PageID# 242.) But the United States has not argued that no further discovery will be necessary to support its proposed comparative fault defense. This "'attempt to trivialize the amount of additional discovery'" while "hold[ing] open the possibility of reopening discovery" "does not help [the United States'] cause[.]" *Berkeley Assurance Co. v. John H. Fisher, P.C.*, --- F. Supp. 3d ---, 2025 WL 887189, at *6 (S.D.N.Y. Mar. 20, 2025) (quoting *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005)). Moreover, this case has been pending for more than a year, and the Court has already set a schedule for briefing dispositive motions and a trial date.

9

Case 3:24-cv-00452    Document 48    Filed 05/27/25    Page 9 of 10 PageID #: 271

Meanwhile, the United States has been aware of Grayson's claims and in possession of her VUMC medical and billing records for nearly two years.

Because the United States has not shown the diligence and lack of prejudice required to satisfy Rule 16's good-cause requirement, the Court does not need to consider whether the United States could satisfy the requirements of Rule 15(a). *See Leary*, 349 F.3d at 909 (holding that district court did not abuse its discretion in denying untimely motion to amend for lack of good cause under Rule 16, notwithstanding Rule 15(a)'s command that leave to amend should be freely given).

## IV. Conclusion

For these reasons, the United States' second motion for leave to file an amended answer (Doc. No. 38) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

10
Case 3:24-cv-00452    Document 48    Filed 05/27/25    Page 10 of 10 PageID #: 272